■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MILLER, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing, trial and sentence), rendered June 8, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felon to 4-½ to 9 years' imprisonment, unanimously affirmed.

At approximately 7:45 A.M., on October 7, 1988, an undercover officer approached the defendant on a midtown street and asked him "is anything out." In exchange for $20 in prerecorded "buy money", defendant handed the officer four vials which, according to the officer contained a substance other than cocaine. The officer returned these vials to defendant, who returned the money and led the officer to the co-defendant who was standing nearby. The co-defendant gave the officer four plastic envelopes, each containing a vial of cocaine.

Defendant contends that the People failed to prove his guilt beyond a reasonable doubt. He points out that no prerecorded "buy money" was recovered from him, and that only a portion of the currency was recovered from the co-defendant. Defendant also argues that the testimony of the undercover officer was incredible as a matter of law, and that he was denied a fair trial by the prosecutor's comments in summation.

The fact that defendant did not possess the "buy money", or that only a portion was recovered from the co-defendant, does not create reasonable doubt as a matter of law. There was ample time to dispose of the "buy money". Further, the fact that the officer omitted to mention the fact that defendant initially attempted to sell the officer non-narcotic substances merely raises an issue of credibility for the jury to resolve. On the record, we find no basis to set aside this determination.

Defendant did not object to the prosecutor's statement in

summation that defendant could have been arrested for fraud for attempting to purvey non-narcotic substances, and has accordingly not preserved it for review (CPL 470.05 [2]). We decline to review the matter in the interest of justice, as the statement was responding to the arguments made by defense counsel. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.